*308 OPINION OF THE COURT
George Beisheim, Jr., J.
This is an article 78 proceeding (in the nature of mandamus) brought by Four Star Beer Dist., Inc., against New York State Liquor Authority to vacate, set aside and annul the determination of the respondent not to approve petitioner’s application to register the brand name Coors Banquet Beer as set forth in respondent’s determination dated April 7, 1978; and to direct respondent to approve petitioner’s application to register the name Coors Banquet Beer for the license year commencing July 1, 1978.
The substantial facts necessary for a judicial determination of this matter do not seem to be at issue.
Petitioner is a licensee of the respondent (Wholesale Beer License Serial No. 8 CO 4895) to sell beer at wholesale to duly licensed wholesalers, retailers and permittees in the State of New York.
The brand name Coors Banquet Beer apparently had been registered pursuant to section 107-a of the Alcoholic Beverage Control Law with the State Liquor Authority for many years ending June 3, 1978. The prior New York State licensee, NYS-TS Beverage Corp., wrote the respondent on December 2, 1977, advising respondent that it was "withdrawing our registration of 'Coors Banquet Beer’ effective December 5, 1977”. Thereafter, petitioner, on or about February 3, 1978, filed an application with respondent for a brand label registration for Coors Banquet Beer and was advised by the respondent by letter dated April 7, 1978, that respondent, at a regular meeting of its members held February 22, 1978, had disapproved petitioner’s application for reasons set forth in a listing attached to respondent’s letter.
Respondent relied upon section 107-a (subd 4, par [b], cl [3]) of the Alcoholic Beverage Control Law, which reads as follows: "any wholesaler with the approval of the authority, in the event that the owner of the brand or trade name does not file or is unable to file such application or designate an agent for such purposes”. The particular grounds for the denial of the application were set forth as follows: "The Authority has considered this application only on the aforementioned grounds. It has not made any determination as to whether the representations, set forth in the subject application, including the facsimile of the Coors Banquet Beer label, constitute *309 compliance with Section 107-a and Rule 50 of the Rules of the State Liquor Authority, and the Authority does hereby expressly reserve all rights with respect thereto.” Petitioner claims that respondent, for substantially the same reasons, had denied the application by NYS-TS Beverage Corp. for a brand label registration for Coors Banquet Beer for the year commencing July 1, 1975, which ruling was annulled by the Supreme Court, New York County, in a decision by Mr. Justice Tyler dated September, 1975, unreported but affirmed by the Appellate Division, First Department, in Matter of NYS-TS Beverage Corp. v New York State Liq. Auth. (51 AD2d 524), respondent’s motion for leave to appeal denied by the Court of Appeals (39 NY2d 709).
The court finds that the grounds stated by the respondent for its denial of petitioner’s application are not "on all fours” with the grounds stated in the NYS-TS Beverage Corp. application insofar as they can be ascertained from a reading of the opinion of Mr. Justice Tyler.
However, respondent relies upon grounds to sustain its permission which this court would define as "bureaucratic legislation”. For example, respondent cites 9 NYCRR 84.3 (a) which reads as follows: "An application for registration of a beer label shall be made by the owner of such label if a licensee, or by a wholesaler selling beer under such label who is appointed as exclusive agent in writing by the owner thereof or by any wholesaler, with the approval of the Authority, in the event the owner is unable to apply or designate an agent.” (Emphasis added.)
Section 107-a (subd 4, par [b], cl [3]) of the Alcoholic Beverage Control Law states that an application for registration of a brand or trade name label shall be filed by "any wholesaler with the approval of the authority, in the event that the owner of the brand or trade name does not ñle or is unable to file such application or designate an agent for such purposes”. (Italics added.)
The statute says the wholesaler may file a brand or trade name label with the approval of the authority in the event that the owner "does not file or is unable to file such application”. Respondent’s rule only refers to one half of the statutory requirement, to wit, "the owner is unable to apply or designate an agent”, and the respondent gives as the reason for disapproving the application that, "There is no evidence that the owner herein is unable to designate the agent”. The *310 uncontradicted fact is that the owner, Coors, did not file, and petitioner was under no legal obligation to present evidence that said owner was or is unable to designate an agent.
The second ground relied upon by respondent is that, "The applicant has not demonstrated any special circumstances warranting approval of the filing of the subject application”. Again, there is no statutory requirement that an applicant must show special circumstances, and there is no authority that this court is aware of warranting respondent to disapprove the application on this basis.
The other grounds of disapproval set forth in respondent’s memorandum of disapproval have been ruled upon by Mr. Justice Tyler and affirmed by the Appellate Division in the Matter of NYS-TS Beverage Corp. case (51 AD2d 524, supra). While that decision may not be res judicata upon this court, it is most persuasive, and this court, upon those points which are common to both cases, agrees with Mr. Justice Tyler’s decision.
Respondent in its memorandum of disapproval states: "The Authority has considered this application only on the aforementioned grounds. It has not made any determination as to whether the representations, set forth in the subject application, including the facsimile of the Coors Banquet Beer label, constitute compliance with Section 107-a and Rule 50 of the Rules of the State Liquor Authority, and the Authority does hereby expressly reserve all rights with respect thereto.” This court feels that it would be unfair to petitioner to permit the respondent to decide petitioner’s application on a piecemeal basis. Accordingly, this court revokes respotident’s reservation of its rights, if any, to claim the representations set forth in petitioner’s application, including the facsimile of the Coors Banquet Beer label, do not constitute compliance with section 107-a of the Alcoholic Beverage Control Law and 9 NYCRR 84.3 (a), unless respondent, within one week from service of copy of this order with notice of entry upon the respondent and the Attorney-General of the State of New York, serve upon the attorney for the petitioner a memorandum setting forth respondent’s reasons, if any, for disapproving the application upon the possible grounds reserved in respondent’s initial memorandum of disapproval.
Accordingly, this court directs that judgment be entered reversing the determination of the State Liquor Authority dated April 7, 1978, which had not approved the filing of *311 petitioner’s application to register the brand name Coors Banquet Beer; setting aside, annulling and making void such determination; directing that the respondent approve the said registration and directing that the respondent shall not disapprove petitioner’s application upon any grounds reserved in respondent’s original memorandum of disapproval unless written notice of such grounds be served upon petitioner’s attorney within one week of service of this judgment with notice of entry upon the respondent and the Attorney-General.